IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Trudy B. Grant, Sarah Krawcheck, Nashonda Hunter and Max Milliken, ) ) ) | |
| Plaintiffs, ) ) ) | Case No.: 2:23-cv-6838-BHH |
| v. ) | |
| Howard Knapp as the Executive Director of the South Carolina Election Commission, John Wells (Chair), JoAnne Day, Clifford J. Edler, Linda McCall and Scott Moseley, as Members of the South Carolina Election Commission, and Charleston County Board of Elections and Voter Registration, ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) _____) | |

**COMPLAINT**

1. This suit challenges S.C. Code 7-15-320 because it abridges plaintiffs' right to vote on account of age, by granting the right to vote by absentee (mail) ballot to all registered voters over age 65 but denying that same right to voters under age 65 unless they fall into one of several limited categories.

2. This suit alleges that S.C. Code 7-15-320 violates the Twenty-Sixth (26th) Amendment to the Constitution of the United States, which provides that citizens over age 18 may not have their right to vote "denied or abridged . . . on account of age." The suit further alleges that the age distinction drawn by S.C. Code 7-15-320 violates the Equal Protection Clause of the Fourteenth (14th) Amendment as well as abridging free speech and free association in violation of the First (1st) Amendment which is made applicable to the states through the Due Process Clause of the Fourteenth (14th) Amendment.

### Cause of Action, Jurisdiction and Venue

3. This suit is authorized by 42 U.S.C. 1983, which provides a cause of action for any person whose rights under the Constitution or laws of the United States are violated by any person acting under of state law.

4. This Court has jurisdiction under 28 U.S.C. 1331 and 1343(4).

5. Venue is proper in this Court because plaintiffs reside and are registered to vote in this District and this Division.

### Parties

6. Plaintiffs Grant, Krawcheck, Hunter and Milliken are all citizens of the United States and South Carolina and are residents and registered voters of Charleston County. Each is under the age of 65.

7. Defendant Howard Knapp is the Executive Director of the South Carolina Election Commission. Defendants John Wells (Chair), JoAnne Day, Clifford J. Edler, Linda McCall and Scott Moseley are the members of the South Carolina Election Commission. Under Title 7, Chapter 3, these defendants collectively administer South Carolina's election laws including its laws governing eligibility to vote by absentee ballot.

8. Defendant Charleston County Board of Elections and Voter Registration is responsible (subject to supervision by defendant South Carolina Election Commission and its Executive Director) for administering South Carolina's election laws in Charleston County.

9. All defendants are sued solely in their official capacities.

Facts

10. South Carolina law provides several methods of casting a vote: (1) in person on Election Day, (2) in person during a specified Early Voting Period, and (3) by absentee (mail) ballot.

11. Under S.C. Code 7-15-320, voters over age 65 are entitled to vote by any of these methods, and to choose freely in each primary and general election which method they will use.

12. Voters under age 65 do not have this right.  They are entitled to vote in person by methods (1) or (2), on Election Day or during the Early Voting Period, but are not entitled to vote by method (3), absentee (mail) ballot, unless they fit in certain limited categories.

13. The consequence of this express age limitation is that one set of voter rules is applied to voters above a certain age, and a different set of voter rules is applied to those below a certain age.

14. Some of the specific categories that entitle some voters under 65 to vote by absentee ballot include physical disability, membership in the Armed Forces and their families, and absence from the residence county on in-person voting days.

15. In 2020, South Carolina enacted Acts 133 (S. 635) and 143 (H.B. 5305) allowing all voters of any age to vote by absentee ballot, but those laws expired in 2020 and do not apply now.

FIRST CAUSE OF ACTION – TWENTY-SIXTH (26TH) AMENDMENT

16. Granting the right to vote by mail ballot to all voters over age 65 but not to all those under age 65 is an abridgement of the right to vote on account of age in violation of the Twenty-Sixth (26th) Amendment, just as surely as if voters over 65 could vote until 8:00 pm while voters under age 65 could vote only until 7:00 pm.

17. The Twenty-Sixth (26th) Amendment gave constitutional protection to a class of voters defined by age. Granting the right to vote by mail to all voters over the age of 65 but not to

all voters under that age is an abridgement of the right to vote "on account of age," in the same way as distinctions on account of race or sex in eligibility to vote by mail would violate the Fifteenth (15th) and Nineteenth (19th) Amendments.

## SECOND CAUSE OF ACTION – FOURTEENTH (14TH) AMENDMENT EQUAL PROTECTION

18. Granting the right to vote by mail ballot to all voters over age 65 but not to all those under age 65 is a denial of equal protection to plaintiffs and other voters under age 65, in violation of the Fourteenth (14th) Amendment to the Constitution of the United States.

## THIRD CAUSE OF ACTION – FIRST (1ST)-FOURTEENTH (14TH) AMENDMENTS FREEDOM OF SPEECH AND ASSOCIATION

20. Granting the right to vote by mail ballot to all voters over age 65 but not to all those under age 65 is an abridgement of the freedom of speech and association in violation of the First (1st) Amendment to the Constitution of the United States, applicable to the states through the Due Process clause of the Fourteenth (14th) Amendment.

## EQUITY

21. Plaintiffs have no adequate remedy at law and will suffer irreparable injury without injunctive relief.

## RELIEF

22. Plaintiffs request the following relief:
    a. declaratory judgment and permanent injunction granting all voters under age 65 the same right to vote by mail ballot afforded to voters over age 65;
    b. Costs and attorneys' fees; and
    c. Such other relief as may be appropriate.

Date:   December 20, 2023

_s/Armand Derfner_____
Derfner & Altman, LLC
Armand Derfner, Fed. ID No. 528
Jonathan S. Altman, Fed. ID No. 5796
575 King Street, Suite B
Charleston, SC 29403
aderfner@derfneraltman.com
jaltman@derfneraltman.com
Telephone: (843) 723-9804

Susan K. Dunn, Fed. ID No. 647
37 Charlotte Street, Suite A
Charleston, SC 29403
susandunn1950@gmail.com
Telephone: (843) 830-1571


Chad W. Dunn, Esq. *(Pro Hac Vice)*
Brazil & Dunn, LLP
1900 Pearl Street
Austin, TX 78705
chad@brazilanddunn.com
Telephone: (512) 717-9822

*Attorneys for Plaintiffs*